EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VÍCTOR RAMÓN RAMOS GARCÍA, acusado y apelante.

Número: CR-65-176     Resuelto: 9 de mayo de 1967

---

*Edna Abruña Rodríguez, E. Armstrong de Watlington* y *Enrique Miranda Merced,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Acusado y convicto de poseer, comprar o recibir propiedad mueble sabiendo que fue hurtada (Art. 438 del Código Penal—33 L.P.R.A. sec. 1693), el apelante, Víctor Ramón Ramos García, apunta en apelación que el tribunal de instancia incidió (1) al no determinar que su detención era ilegal y que la evidencia incriminatoria obtenida, por ser producto de un arresto ilegal, era inadmisible; (2) al permitir que se trajeran supuestas manifestaciones del acusado aceptando haber comprado unos radios, cuando dichas manifestaciones era evidencia obtenida a través de dos arrestos ilegales; y (3) al no determinar que las manifestaciones del apelante frente al Juez Martínez eran inadmisibles en derecho.

Se probó que cada uno de dichos radios tenía un valor de $50 ó más. El récord demuestra que el policía López Bonilla testificó lo siguiente:

"R. Sometimos el caso al Hon. Juez Pedro J. Martínez, quien le hizo las advertencias.

P. ¿A quién?

R. A Víctor Ramón Ramos García.

P. ¿En qué consistieron esas advertencias?

R. Advertencias que si él podía tener abogado, que llamara un familiar más cercano, que si quería declarar; él manifestó que no. Le manifestó, además, al Juez que él había comprado esos radios en cinco dólares y otro en siete dólares.

P. Pero yo no entiendo éso de que dijo que no quería declarar y que después le dijo éso.

R. Esa fue la única pregunta que él le contestó al Juez nada más, no contestó nada más.

P. ¿Que había comprado esos dos radios?

R. Eso nada más, éso.

P. ¿Cuáles dos radios?

R. Los radios del Sr. Shepard y la Sra. Virginia."

Luego el juez sentenciador procedió a interrogar a este testigo en los siguientes extremos:

"HON. JUEZ:

Dígame una cosa, ¿qué fue lo que usted dice que le dijo este acusado al Juez?

R. El Juez le preguntó que si quería declarar él le dijo que no pero entonces, luego más tarde, le dijo: 'Señor Juez, yo quiero decir algo. Este radio yo lo compré a un individuo que yo no conocía'.

P. ¿Cuál radio se refiere?

P. Los radios del Sr. Shepard y la Sra. Virginia Brooks, uno en $5.00 y otro en $7.00, según manifestó él al Señor Juez.

P. ¿Dónde fue usted lo detuvo a él?

R. En la Plaza Barceló de Barrio Obrero.

P. ¿Estaba en la misma plaza, en la calle, en algún establecimiento?

R. Estaba en la calle, en un garage, el Garage de Leopoldo.

P. ¿Un garage de qué?

R. De gasolina. Al detenerlo allí en ese sitio, tenía otro radio más, con un destornillador alicate, tenía una cuchillita pequeña y un alambrito."

■ No es necesario que dictaminemos sobre los primeros dos apuntamientos del apelante ya que nos vemos obligados a revocar la sentencia en este caso debido a que, según surge del testimonio del policía López Bonilla, cuando éste llevó al apelante ante un magistrado para someter el caso, el juez no le hizo al apelante, antes de éste declarar, la advertencia sobre su derecho de no hacerlo y que si optaba por declarar, todo lo que dijese podía usarse en su contra, requisito constitucional que consagramos en *El Pueblo* v. *Martínez et al.*, 15 D.P.R. 744, 747 (1909). La única prueba de las advertencias

que aparece en el récord es el testimonio de dicho policía al efecto de que el juez sólo le advirtió al apelante que podía tener abogado, llamar a un familiar, y que si quería declarar.

En vista de que no se le hicieron al apelante las referidas advertencias antes de que declarase ante el juez en cuestión, no era admisible en evidencia el testimonio del policía López Bonilla al efecto de que el apelante le dijo que había comprado uno de los radios por $5 y el otro por $7, cuando se comprobó que su valor era considerablemente mayor. *Pueblo* v. *Cedeño Rodríguez,* CR-66-122, Sentencia de 23 de diciembre de 1966; *Pueblo* v. *Adorno Lorenzana,* 93 D.P.R. 788 (1966); *Rivera Escuté* v. *Jefe Penitenciaría,* 92 D.P.R. 765 (1965). Ésta era la única prueba de la cual se podía inferir que el apelante compró los radios a sabiendas de que habían sido hurtados. En ausencia de esta prueba, por lo tanto, nos vemos obligados a concluir que no se probó la comisión del delito alegado en la acusación.

*Se revocarán las sentencias dictadas en estos casos por el Tribunal Superior, Sala de San Juan, en 7 de abril de 1965, y se absolverá al apelante.*

El Juez Asociado Señor Santana Becerra es de opinión que, tratándose de una regla de exclusión de evidencia procede, al revocarse la sentencia, que se ordene un nuevo juicio, no la absolución del acusado. El Juez Presidente Señor Negrón Fernández no intervino.